STATE OF MAINE      .           SUPERIOR COURT
ANDROSCOGGIN, ss             CIVIL ACTION
                               DOCKET NO. CV-13-075
                               *NM - AVD - 10/1/2013*

BECKY ANN BROWN, Personal
Representative of the ESTATE
OF GERARD N. PARENT,

            Plaintiff

                               ORDER ON MOTION
v.                                    FOR ATTACHMENT

CHRISTOPHER S. AUSTIN,

            Defendant

Before the court is the motion for attachment filed by plaintiff Becky Ann Brown, the personal representative of the Estate of Gerard Parent. For the following reasons, the motion is granted.

BACKGROUND

Plaintiff filed a two-count complaint on May 24, 2013, which included a wrongful death action and a survival action. The plaintiff alleges the defendant negligently shot and killed Gerard Parent while hunting. (Compl. ¶ 6.) In his answer filed June 19, 2013, the defendant pleaded the affirmative defenses of, among others, comparative fault and intervening or superseding cause.

DISCUSSION

Under Rule 4A, the plaintiff is entitled to attachment if:

> [A]fter notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

M.R. Civ. P. 4A(c). The plaintiff shall support a motion for attachment with affidavits. Id. The affidavits "shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true." M.R. Civ. P. 4A(i).

The plaintiff relies on four affiants to support the motion: Michael Robitaille, a witness to the incident; Ms. Brown, Mr. Parent's wife and his personal representative; Stephen Wade, the plaintiff's attorney; and Linda Casacci, the plaintiff's neighbor and a witness to the incident.

## 1. Attorney Wade's First Affidavit

The defendant contends that Mr. Wade's first affidavit[1] is improper for two reasons. First, defendant complains that Attorney Wade does not have personal knowledge of the information set forth in his affidavit. The plain language of the rule provides that affidavits "shall be upon the affiant's own knowledge, information or belief." M.R. Civ. P. 4A(i). Personal knowledge is not a requirement for affidavits in support of a motion for attachment. Compare M.R. Civ. P. 56(e) (affidavits supporting a motion for summary judgment must be made on personal knowledge) with M.R. Civ. P. 4A(i) (affidavits supporting a motion for attachment may be made on "information or belief").

Attorney Wade states in his affidavit that he "ha[s] personal knowledge of the matters" described in his affidavit. (4/30/13 Wade Aff. ¶ 2.) The jurat for his affidavit similarly states: "Personally appeared the above-named Stephen B. Wade this 30 day of April, 2013, and made oath that the foregoing statements made by [him] are true and based upon [his] own personal knowledge."

---

[1] Attorney Wade filed two supplemental affidavits after the defendant's objection to the motion was filed.

2

(4/30/13 Wade Aff.) These technical deficiencies should not bar consideration of Attorney Wade's first affidavit. See Herrick v. Theberge, 474 A.2d 870, 874 (Me. 1984) ("These jurats, though sloppily prepared, do not render the affidavits fatally defective."). Attorney Wade states in his affidavit that the information recited is from the Attorney General's charging file and that he believes the information to be true. (4/30/13 Wade Aff. ¶ 7.) It is clear that the material in his affidavit about which he had no personal knowledge was based on information or belief and that Attorney Wade believes the information to be true.

Second, defendant argues, because Attorney Wade is plaintiff's attorney, he will not be able to testify as a witness at trial. There is no requirement that an affiant who supports a motion for attachment must be eligible to testify at trial. See Herrick, 474 A.2d at 875 (relying in part on plaintiff's attorney's affidavit).

## 2. Whether Plaintiff is More Likely Than Not to Recover Judgment

Defendant primarily argues that Mr. Parent's negligence was equal to or greater than Mr. Austin's, and therefore, plaintiff is not more likely than not to recover judgment in this case. On 1/9/13, Mr. Austin was indicted for manslaughter and unlawful discharge of a firearm near a dwelling. (4/30/13 Wade Aff. ¶ 3.) Mr. Austin did not have permission to discharge his weapon near the home where he fired. (4/30/13 Wade Aff. ¶ 6(b).) Mr. Austin discharged his rifle very close to the home at 250 Gardiner Road; he was on the lawn when he fired. (Robitaille Aff. ¶ 9.)

Mr. Austin saw Mr. Parent outside the Parent house after Mr. Austin fired his first shot. (4/30/13 Wade Aff. ¶ 6(d).) By the time Mr. Austin fired a second shot, he had lost track of Mr. Parent. (4/30/13 Wade Aff. ¶ 6(e).) After his second shot, Mr. Austin saw the "target" drop. (4/30/13 Wade Aff. ¶ 6(g).) He

3

ran to the target and discovered Mr. Parent lying on the ground with a gunshot wound in his chest. (4/30/13 Wade Aff. ¶ 6(g).)

Mr. Parent was wearing an orange hunting vest over his white t-shirt. (Wade Aff. ¶ 6(h).) Mr. Parent was not wearing an orange hat, was wearing a white t-shirt, and had slippers on his feet. (Danas Aff. ¶ 7(b).)

According to the defendant's expert, Gregory Danas, Mr. Parent was attempting to "cut in" to shoot the deer Mr. Austin was following. (Danas Aff. ¶ 7(a).) Mr. Danas has provided no foundation to qualify him to render this opinion.[2] Mr. Parent's blood alcohol level was .07% at the time he fired a shot outside of his house. (Danas Aff. ¶ 7(d).)

Mr. Parent had one criminal conviction; Mr. Austin had three criminal convictions. (Discovery pp. 6-7.) Mr. Parent may have died instantly. (Discovery p. 7.)

CONCLUSIONS

Hunters are required by law to follow the reasonable and prudent hunter standard when targeting prey. "A reasonable and prudent hunter . . . bases identification upon obtaining an essentially unobstructed view of the head and torso of the potential target." 12 M.R.S.A. § 11222(2)(A). It is a crime to discharge a weapon within 100 yards of a home without the owner's permission. 12 M.R.S.A. § 11209(1). Based on this record, it is more likely than not the plaintiff will prove that Mr. Austin was more at fault for Mr. Parent's death than was Mr. Parent and will recover judgment.[3]

---

[2] Mr. Danas reviewed the discovery but identifies no specific information. (Danas Aff. ¶ 6.)

[3] The defendant has no insurance available to satisfy any judgment. (4/30/13 Wade Aff. ¶¶ 4-5.)

4

The plaintiff must prove negligence, proximate cause, and the extent of damages. Reid v. Town of Mount Vernon, 2007 ME 125, ¶ 14, 932 A.2d 539. Under Maine's wrongful death statute, the plaintiff can recover up to $500,000.00 "for the loss of comfort, society and companionship of the deceased, including any damages for emotional distress arising from the same facts as those constituting the underlying claim . . . ." 18-A M.R.S.A. § 2-804. In addition, she can recover for pecuniary injuries resulting from the death and for conscious suffering and death. Id.

The record reflects Mr. Parent was receiving Social Security Disability and also worked some carpentry jobs for additional income. (Brown Aff. ¶¶ 6-7.) Because of the emotional distress resulting from Mr. Parent's death, Ms. Brown is taking medicine and under a physician's care and is currently unemployed. (Brown Aff. ¶¶ 8-9.)

It is difficult to assess damages based on this very sparse record and it is not possible to assess damages for pecuniary loss or conscious suffering. The court will authorize an attachment in the amount of $30,000.00 for the loss of comfort, society and companionship of Mr. Parent, including damages for emotional distress.

The entry is

Pursuant to Maine Rules of Civil Procedure 4A and 4B, the Plaintiff's Motion for Attachment is GRANTED. It is more likely than not that Plaintiff will recover judgment against Defendant in an amount equal to or greater than the sum of $30,000.00, including all allowable prejudgment and post-judgment interest, and other allowable costs.

Plaintiff is awarded prejudgment attachment and attachment on trustee process against the real and personal property of defendant in the amount of $30,000.00.

5

There is no liability insurance, bond, or other security or any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the anticipated judgment in this action.

Plaintiff is ordered and required to comply with all the notice and service requirements of Maine Rules of Civil Procedure 4A(c) and 4B(c).

Date: September 30, 2013

Nancy Mills
Justice, Superior Court

GERARD PARENT, ESTATE OF  - PLAINTIFF

Attorney for: GERARD PARENT, ESTATE OF
STEPHEN WADE  - RETAINED
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210


vs
CHRISTOPHER AUSTIN  - DEFENDANT

Attorney for: CHRISTOPHER AUSTIN
SCOTT J LYNCH  - RETAINED 06/19/2013
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116


BECKY BROWN  - PERSONAL REPRESENTATIVE

Attorney for: BECKY BROWN
STEPHEN WADE  - RETAINED 05/24/2013
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME 04210

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2013-00075


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 05/24/2013

## Docket Events:

05/24/2013 FILING DOCUMENT - COMPLAINT FILED ON 05/24/2013

05/24/2013 Party(s):  GERARD PARENT, ESTATE OF
          ATTORNEY - RETAINED ENTERED ON 05/24/2013
          Plaintiff's Attorney: STEPHEN WADE

          Party(s):  BECKY BROWN
          ATTORNEY - RETAINED ENTERED ON 05/24/2013
          Attorney: STEPHEN WADE

05/24/2013 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/24/2013

05/24/2013 Party(s):  GERARD PARENT, ESTATE OF,BECKY BROWN
          MOTION - APPROVAL ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 05/24/2013

06/03/2013 Party(s):  CHRISTOPHER AUSTIN
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/28/2013
          CHRISTOPHER AUSTIN

06/03/2013 Party(s):  CHRISTOPHER AUSTIN
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/03/2013

06/14/2013 Party(s):  CHRISTOPHER AUSTIN
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/14/2013